IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LESTER and ZOELA JAURAN,
  CALIFORNIA STATE AUTOMOBILE
  ASSOCIATION, et al.,

    Plaintiffs,                               CIV-S-06-0530 DFL PAN

    v.                                       ORDER

K-MART CORPORATION, CHAR-BROIL,
  LLC, et al.,

    Defendants.
_____/

    Plaintiffs Lester and Zoela Jauran (the "Jaurans") and the California State Automobile Association ("CSAA") move to remand this case to the Superior Court of the State of California, County of Butte.  They argue that defendants' notice of removal is deficient because it does not state plaintiffs' citizenship for the purpose of diversity jurisdiction.  Plaintiffs' motion to remand is DENIED.

    Once a notice of removal is filed, the court may look beyond the complaint in order to determine diversity of citizenship. See Schroeder v. Trans World Airlines, Inc., 702 F.2d 189, 191 (9th Cir. 1983).  Here, defendants' notice of removal, citing

1

1 plaintiffs' complaint, alleges that the Jaurans reside in
2 Magalia, California and that the CSAA "is a reciprocal inter-
3 insurance exchange - fully licensed to conduct business as an
4 insurance carrier in the State of California."  In their
5 opposition to the motion to remand, defendants further aver that,
6 according to the California Secretary of State, the CSAA is a
7 California corporation with its principal place of business in
8 California.  (Opp'n at 4.)  Finally, defendants allege that the
9 Jaurans live in Butte County, California where Mr. Jauran is
10 employed at a local community college.  (Id.)

11     Based on the record before the court, there is nothing to
12 suggest that the adverse parties are not completely diverse.
13 Moreover, plaintiffs do not dispute that they are California
14 citizens.  They only quarrel with the sufficiency of defendants'
15 notice of removal.[1]  If plaintiffs do not believe that they are
16 California citizens, they can bring that fact to the court's
17 attention, and, if appropriate, the court can hold an evidentiary
18 hearing.  See Wright, Miller, & Cooper, Federal Practice and
19 Procedure, § 3739 (3d ed. 1998)(courts may conduct evidentiary

---

[1] To the extent the notice of removal is deficient, defendants have amended the notice to more specifically allege that plaintiffs are California citizens.  While a removing party can amend its notice freely within the 30-day removal period, Richardson v. United Steelworkers of Am., 864 F.2d 1162 (5th Cir. 1989), defendants did not amend until after the 30-day period had passed.  However, courts generally allow such amendments as long as the original basis for removal jurisdiction does not change. See Barrow Dev. Co. v. Fulton Ins. Co., 418 F.2d 316, 318 (9th Cir. 1969)(permitting amendment of removal petition to cure inadequate allegation of the defendant's citizenship).  In this case, defendants continue to assert diversity jurisdiction. Therefore, the court will allow the amendment.

1  hearings where "factual issues are present").  Otherwise, the
2  court concludes that it has subject matter jurisdiction over this
3  case.
4      IT IS SO ORDERED.
5  Dated: 5/12/2006

                                      _____
                                      DAVID F. LEVI
                                      United States District Judge